UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARYAM JAMILAH, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. 4:13-cv-03626 |
| | § | |
| LARRY EDMOND, | § | |
| | § | |
| Defendant. | § | |

**<u>ORDER OF DISMISSAL</u>**

**I.**

Before the Court is the defendant's, Larry Edmond (the "defendant), motion to dismiss the plaintiff's, Maryam Jamilah (the "plaintiff"), case against him pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 2). The defendant is the Postmaster of the United States Postal Service ("USPS") in charge of the Foxbrook Station in Humble, Texas. The plaintiff has failed to respond to the defendant's motion or to comply with the pretrial disclosures and scheduling efforts mandated by Fed. R. Civ. P. 26. (Dkt. Nos. 3 & 6). After having reviewed the motion, the pleadings, and the applicable law, the Court is of the opinion that the plaintiff has abandoned her case and that dismissal is appropriate.

**II.**

Because the plaintiff has failed to respond to the defendant's motion to dismiss, the Court accepts as true, the facts related by the defendant. The facts show that on January 20, 2013, plaintiff visited USPS's Foxbrook Station in Humble, Texas, and purchased two envelopes – one that would allow her documents to be sent to Rafiq Zaidi and another prepaid envelope that would allow Zaidi to return the documents to her. Her total cost was $37.90---$18.95 for each envelope. The plaintiff anticipated that her envelope to Zaidi would be received the next day, on January 21, and that she would receive Zaidi's return package on January 22. This understanding, however, is contrary to the

shipping label that made clear that the scheduled delivery date for the initial package to Zaidi was January 22. USPS, however, delivered the package late to Zaidi. He received the documents on January 23. That same day, Zaidi sent the return envelope provided by the plaintiff, presumably containing the executed documents. The scheduled delivery date was January 25, and plaintiff, in fact, received Zaidi's return envelope on that date.

### III.

The plaintiff alleges that because she did not receive Zaidi's return envelope by January 22, the date she had anticipated, she could not file Zaidi's executed documents in a case pending in a Harris County District Court as planned. She had hoped to intervene in a lawsuit in Harris County involving her granddaughter and needed the executed documents from Zaidi. As a result of the delay in receiving the documents, the plaintiff's motion to intervene in her granddaughter's case was denied.

Claiming that the two envelopes she paid for – both her initial envelope to Zaidi and Zaidi's return envelope – were not delivered on time, the plaintiff sought a refund from USPS for the two envelopes. USPS refunded the plaintiff $18.95 for the late delivery of the envelope she sent to Zaidi, but refused to refund the $18.95 she paid for Zaidi's return envelope because it was delivered in the time frame promised. When USPS refused to settle with her to her satisfaction, the plaintiff filed suit against Larry Edmond, the Postmaster in charge of the Foxbrook Station in a Justice of the Peace Court of Harris County, Texas. The plaintiff seeks not merely the $18.95 that she contends she paid for Zaidi's return envelope, but also the costs involved in "seeking justice" from the defendant. On December 11, 2013, the defendant removed the case to this Court pursuant to 28 U.S.C. § 1442(a)(1).

### IV.

Federal Rule of Civil Procedure 12(b)(1) permits dismissal of an action for lack of subject matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998).

Once a motion is made under Fed. R. Civ. P. 12(b)(1), the burden is on the party asserting subject matter jurisdiction to show that the Court has subject matter jurisdiction. *St. Paul Reinsurance Co., Ltd., v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is appropriate where the plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face" and thus does not "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

## V.

The Court is of the opinion that dismissal is appropriate for the reasons argued by the defendant. First, the plaintiff has brought suit against the Postmaster in his individual capacity. The Postal Reorganization Act requires that suits based on postal services, including contract claims such as the one being asserted by the plaintiff, be brought against the USPS, not individual employees. *See* 39 U.S.C. § 101, *et. seq.* A suit against the Postmaster, therefore, is not sustainable. Second, the plaintiff failed to exhaust her administrative remedies prior to initiating the instant action as required by applicable regulations. *See* 39 C.F.R. §§ 111.1-111.4; *see also* Domestic Mail Manual § 604.9.2.3.k. The plaintiff does not dispute this fact. Accordingly, dismissal is appropriate because of this failure and no exception to exhaustion has been pled or argued by the plaintiff. *See McBride v. U.S. Postal Serv.*, No. 07-CV-0446(NG), 2007 WL 1965337, *2 (E.D.N.Y. June 29, 2007) ("In order for USPS to be liable under a contract theory, a party seeking to recover for the loss of registered mail must exhaust all 'administrative remedies available under the postal regulations before commencing [an] action [in district court.]'") (internal citations omitted).

Finally, to the extent that the plaintiff's claim is interpreted as one sounding in tort—either for negligent transmission or for the alleged failure to deliver the envelopes in a timely manner---it fails as well for three reasons. First, because the plaintiff's suit has not been brought under the Federal Tort Claims Act. Second, because she has failed to name the proper party defendant. *See Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988) (citations omitted) ("In view of this explicit statutory language, the courts have consistently held that an agency or government employee cannot be sued *eo nomine* under the [FTCA]. . . . Thus an FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction."). Third, even if the plaintiff brought her claims against the USPS pursuant to the FTCA, they would be barred by the doctrine of sovereign immunity. *See McBride*, 2007 WL 1965337, *2 (citing 28 U.S.C. § 2680(b)) ("Under 28 U.S.C. § 2680(b), however, the United States does not waive its sovereign immunity with regard to 'any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter.'"). Therefore, the defendant's motion to dismiss is GRANTED and the plaintiff's claims are hereby DISMISSED.

It is so **ORDERED**.

SIGNED on this 13th day of February, 2014.

_____
Kenneth M. Hoyt
United States District Judge